JUDGE ABRAMS

# 14 CV 7704

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ALTON CHAPMAN and
FRANCIS CHAPMAN,

§
§
§

Plaintiffs,

§
§

CIVIL ACTION NO.

§
§

VS.

§
§

CBS CORPORATION,
Including FOSTER WHEELER LLC,
et al.,

§
§
§

Defendants.

§
§



## FOSTER WHEELER LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant Foster Wheeler LLC ("Foster Wheeler") gives notice of removal of an action filed against it in the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York. In support, Defendant respectfully offers the following:

### Preliminary Matters

1.      On or about August 29, 2014, Plaintiffs filed this lawsuit, entitled Alton Chapman and Francis Chapman v. CBS Corporation, et al., Index No.190299-14, against Foster Wheeler and other defendants in the Supreme Court of New York, County of New York. *See* Summons and Complaint attached hereto as Exhibit A.

2.      Plaintiffs served Foster Wheeler with the Summons and Complaint on September 17, 2014. The Complaint, however, did not state plaintiffs' claims in a manner or in sufficient detail to inform Foster Wheeler that the case was removable. *See Madden v. Able Supply Co.*, 205 F. Supp. 2d

695, 698 (S.D. Tex. 2002) (stating that if the initial pleading does not provide details of plaintiff's claims, the 30-day time period begins on the date defendant receives "other paper" specifically indicating grounds for removal).   On or about September 3, 2014, Defendants received a copy of Plaintiffs' Responses to Interrogatories ("Interrogatory Responses").   *See* Interrogatory Responses attached hereto as Exhibit B.   The Interrogatory Responses include allegations that Mr. Chapman was exposed to asbestos while serving as a boiler technician in the United States Navy, and while on, among other ships, the USS Hancock between 1959 and 1978.  *Id.*

3.      Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after Defendant was served with the Summons and Complaint.  28 U.S.C. § 1446(b).

## Nature Of The Case

4.      The case is based on Plaintiffs' allegations that Mr. Chapman's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

5.      Plaintiffs assert manufacturing and design defect claims, failure to warn claims, along with negligence and strict liability claims against Foster Wheeler and the other defendants based on various theories.

## Grounds For Removal

6.      This Notice of Removal is filed within thirty (30) days of Foster Wheeler's receipt of Plaintiffs' Complaint.  28 U.S.C. § 1446(b).  Foster Wheeler manufactured marine boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy.  Foster Wheeler has confirmed that it manufactured the economizers aboard the USS Hancock.  The basis for removal is that, in the manufacture and sale of boilers and auxiliary equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7.     Should Plaintiffs file a motion to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

8.     As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875)  in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Defendant has a federal defense to this action.  *See Hagen* (attached hereto as Exhibit C).   In examining virtually identical evidence submitted in the case at bar, Judge Eduardo C. Robreno found that Foster Wheeler raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications.   Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

9.     In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Hagen*, at 776.  The definition of a "person" includes a corporation.  *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.*  Third, the defendant must establish that the suit is for any act under color of federal office, i.e., there is a causal connection between the charged conduct and asserted official authority.  *Id.* Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office.  *Id.*

10.     The second and third elements require a substantial degree of direct and detailed federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, at 776.  Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Id.* at 784 [*citing Good v. Armstrong World Indus., Inc.* 914 F.Supp. 1125, 1128 (E.D. Pa 1996)("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")].

11.     What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case.  Like the Eastern District of Pennsylvania in *Hagen*, federal courts across the country, including this Court, have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict military specifications. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014)(attached hereto as Exhibit D)(plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Perkins v. Air & Liquid Sys. Corp.*, 2014 WL 1389750 (S.D.N.Y. 2014)(attached hereto as Exhibit E)(upholding removal based on teachings in Hagen); *Albrecht v. A. O. Smith Water Prods.*, 2011 WL 5109532 (S.D.N.Y. 2011)(attached here as Exhibit F)(through affidavits, government contactor defendant established it acted pursuant to detailed Navy specifications); *Lewis v. Asbestos Corp., Ltd.*, 10-650(FLW)(D.N.J. Aug. 7, 2012)(attached hereto as Exhibit G)(removal appropriate where GE established the Navy asserted complete control over warning labels' existence and contents); *Bouchard v. CBS Corp.*, 11-66270 (ER)(E.D.Pa. April 17, 2012)(attached hereto as Exhibit H)(government contractor defense upheld where defendant showed the Navy's extensive supervision and control over government contracts performed pursuant to its official duties); *Ruppel v. CBS Corporation*, 701 F.3d 1176 (7th Cir. 2012)(reversing lower court decision to remand and finding removal proper where

Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

12.     As detailed in *Hagen*, critical to the defendant's evidence is whether defendant has demonstrated sufficient facts establishing that its government contractor defense is "colorable"[1] or "plausible". *See Hagen* at p. 27.   In the context of a "failure to warn" case, **the defendant need not show that the Navy expressly barred or broadly preempted the inclusion of asbestos warnings on its products.** *Id.* at p.19. *See also Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S. 919 (2000)(government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

13.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically

---

[1] The *Hagen* court distinguished the showing of a "colorable" defense required for removal from the ultimate evidentiary showing at trial, and ruled that the colorable defense standard for purposes of removal "is not an onerous one to satisfy." *Id.* at p. 21.  Thus, "a defense is colorable for purposes of determining jurisdiction under Section 1442 (a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Id.* at p. 27.

preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

14.     The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen, supra.* With respect to Foster Wheeler, J. Thomas Schroppe explains:

> The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers...The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers and economizers only to the extent directed by the Navy. Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Affidavit of J. Thomas Schroppe attached hereto as Exhibit I at ¶¶ 21 and 22.

15.     In further support of the removal, Foster Wheeler provides the Affidavit of Admiral Ben J. Lehman, U.S. Navy, Ret.  *See* Affidavit of Admiral Lehman attached hereto as Exhibit J.  Admiral Lehman joined the Navy in 1942 and worked as Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944, as Ship Superintendent at the San Francisco Naval Shipyard from 1950 to 1952, and as Planning Officer at the Assistant Industrial Manager Office in San Francisco from 1952 to 1054. *Id.* at ¶ 1. During his tenure in the Navy and as Ship Superintendent, Admiral Lehman was personally involved with the supervision and oversight of ship alterations and equipment over hauls at the Brooklyn Navy Yard. *Id.* at ¶ 3. Admiral Lehman states in his Affidavit the Navy controlled every aspect of the design and manufacture of equipment intended for installation on

Navy vessels and that the Navy could not, and did not, permit its contractors to implement changes from military specifications. *Id.* at ¶¶ 2 and 3.  He further states:

> The U.S. Navy would not have allowed its equipment suppliers, such as Foster Wheeler, to affix any warning related to any asbestos hazards on their equipment.  This would have included boilers.  Further, the U.S. Navy would not have allowed Foster Wheeler to place any warnings related to asbestos hazards in any written material provided by Foster Wheeler to the U.S. Navy or to a U.S. Navy contractor in accordance with its contracts, including its technical and operations manuals.  To do so would have interfered with the U.S. Navy's mission and control of its ships and personnel.

*Id.* at ¶ 14.

Thus, as determined by the MDL court in *Hagen,* the presence or absence of warnings regarding Foster Wheeler equipment was strictly controlled by the Navy, and a clear basis for removal exists under § 1442(a)(1).  The Schroppe and Lehman Affidavits support federal removal jurisdiction under 28 U.S.C. § 1442(a)(1) and the federal nexus to Foster Wheeler's actions has been established.

16.     Thus, as established by the MDL court in *Hagen*, the evidence provided in this case  is more than sufficient to establish "Federal Officer" jurisdiction, as well as a colorable defense under the "Government Contractor" doctrine.  Nowhere is it required that these Defendants produce physical contracts to prove the Navy's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1).  To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should follow the decision made by the MDL court in *Hagen*, among others, and uphold removal.

17.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

18.     These Defendants are not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiff's action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994).

19.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon these Defendants are being filed with this Notice of Removal.

### Conclusion

20.     Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because these Defendants were acting under an officer or agency of the United States.

WHEREFORE, Foster Wheeler LLC, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the Supreme Court of New York, County of New York, on this 23rd day of September, 2014.

Respectfully submitted,

SEDGWICK LLP

Afigo Fadahunsi
One Newark Center
1085 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
(973) 242-0002 (Tel)
(973) 242-8099 (Fax)
afigo.fadahunsi@sedgwicklaw.com
Counsel for Defendant Foster Wheeler, LLC

**cc: Federal Express**

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff(s)
700 Broadway
New York, New York 10003

All Known Defense Counsel (via regular mail w/out encls.)